UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
ROCK RUBBER & SUPPLY
OF CONNECTICUT, INC.

Chapter 7

Debtor

Case No. 04-21404

APPEARANCES:

Walter D. Wagoner, Jr., Esq.
    Law Office of Walter Wagoner, 840 Elm Street, New Haven, CT 06511
    Counsel for Movant - Debtor

Brian C. Courtney, Esq.
    Rome, McGuigan PC, One State Street, 13th Floor, Hartford, CT 06103
    Counsel for Objecting Creditor Ralph D. Govoni, Sr.

C. Donald Neville, Esq.
    Murtha Cullina LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103-3469
    Counsel for Creditor Webster Bank, N.A.

Neal Ossen
    Ossen and Murphy, 21 Oak Street, Suite 201, Hartford, CT 06106
    Chapter 7 Trustee

## RULING ON DEBTOR'S MOTION

## FOR DISTRIBUTION TO WEBSTER BANK, N.A.

KRECHEVSKY, U.S.B.J.

I.

The matter before the court is a motion entitled "Debtor's Motion for an Order of Distribution of Secured Funds to Webster Bank, N.A." ("the motion"), and the objections thereto of creditor Ralph D. Govoni, Sr. and Neil Ossen ("the trustee"), trustee of the debtor's Chapter 7 bankruptcy estate. A hearing on the motion was held on May 17, 2006, where the parties agreed there were no facts in dispute.

## II.

## BACKGROUND

Rock Rubber & Supply of Connecticut, Inc. ("the debtor"), on May 7, 2004, filed a Chapter 7 bankruptcy petition. The debtor's schedules, filed on May 28, 2004, listed Webster Bank ("the bank") as a secured creditor. The bank, on October 5, 2004, filed a proof of claim for $61,926.43 under a line of credit secured by "all business assets" of the debtor. The debtor scheduled assets of approximately $350,000, which included three deposit accounts, totaling just over $32,000, held by the bank.

Upon receipt of the schedules, the trustee, on May 28, 2004, sent a letter ("the letter") to the president of the bank, stating:

> Please be advised that I am the Chapter 7 Bankruptcy Trustee of the above-referenced case. Enclosed is a copy of the Notice of Commencement. The money on deposit in any of the debtor's accounts at your bank is an asset of the bankruptcy estate. It is my understanding that there are three (3) separate bank accounts. Therefore, I am requesting that you close all bank accounts in the debtor's name and forward a check to this office. Please make said check payable to "Neil Ossen, Trustee in Bankruptcy of Rock Rubber & Supply of Connecticut, Inc."
> Thank you for your immediate attention to this matter.

(Exh. 1.) The bank sent the trustee a check, as requested, for the balance of $32,297.03, which was deposited into the estate account on June 8, 2004.

The bank, on June 23, 2004, filed a motion for relief from stay, granted on July 20, 2004, to enforce the bank's security interest under the line of credit agreement. Liquidation of the debtor's assets yielded about $50,000. The bank, on May 27, 2005, filed a motion, granted on June 23, 2005, for distribution from the estate of $42,345.85, reflecting the proceeds (net of post-petition rent and trustee's fee) of the liquidation.

2

The debtor[1], on February 22, 2006, filed the present motion, seeking an order directing the trustee to distribute $32,000 to the bank. The debtor argues that the bank is entitled to a return of the transferred funds because (1) the deposit accounts were not property of the estate; and (2) the trustee improperly sent the letter to the bank, rather than to its attorney.

### III.

### DISCUSSION

#### A.

#### Property of the Estate

The debtor asserts that the trustee's letter misrepresented that the Webster accounts were property of the bankruptcy estate. It argues that, as of the petition date, the bank had a perfected security interest in the accounts; that, as a result of that security interest, the accounts were not property of the debtor, and therefore, not property of the estate. (Debtor's Mem. §3.)

Bankruptcy Code §541(a) states, in relevant part: "The commencement of a case under . . . this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." "[A]ll the debtor's property must be included in the [bankruptcy] estate. . . . even property . . . in which a creditor has a secured interest." United States v. Whiting Pools, Inc., 462

---

[1] Because the debtor has scheduled total claims in excess of $450,000, it appears that the estate is not solvent; thus, the debtor lacks standing to bring the present motion. However, since the bank's attorney has appeared and argued at the hearing on the motion, the court will assume that the bank, which does have standing, has joined the debtor as movant.

3

U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983).

The court concludes that the trustee's letter correctly asserted that the accounts were property of the bankruptcy estate, and that such statement was not a misrepresentation.

### B.

### Communication with Bank

The bank claims that it is entitled to the return of the funds transferred to the trustee because the trustee sent his May 28, 2004 letter directly to the bank, rather than to the attorney who filed an appearance on May 27, 2004 on behalf of the bank. The bank acknowledges that the trustee, in sending the letter, was "not acting as attorney for the estate" (Debtor's Mem. §3), but urges the court nevertheless to apply the following standards of Rule 4.2 of the Connecticut Rules of Professional Conduct:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In delineating the scope of this rule, the Connecticut Supreme Court has stated that:

> The language of Rule 4.2 and the comments thereto, limit the restriction on communications with represented parties to those situations where the attorney is "representing a client." Here, the plaintiff was not "representing a client.". . . There was no evidence that suggests that the letter was written in a representative capacity. . . . [T]he plaintiff's conduct did not violate Rule 4.2.

Pinsky v. Statewide Grievance Comm., 216 Conn. 228, 236 (1990).

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure require that a trustee be an attorney. See, e.g. 11 U.S.C. §§321; Fed. R. Bankr. P. 2008-

4

2013, 2015 (qualifications and duties of trustees). Although the court may authorize employment of a trustee who is an attorney or accountant to represent the estate in a particular matter, any services so provided are distinct from those performed as trustee, and compensation for such professional services is allowed "only to the extent that the trustee performed services as an attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate." 11 U.S.C. §328(b); See also 11 U.S.C. §327; Fed. R. Bankr. P. 2014 (employment of professional persons).

In sending the letter to the bank, the trustee was clearly acting in his capacity as trustee. Fed. R. Bankr. P. 2015 requires that a trustee "as soon as possible after the commencement of the case, give notice of the case to every entity known to be holding money or property subject to withdrawal or order of the debtor, including every bank ... with whom the debtor has a deposit." The trustee had neither sought nor received authorization to represent the estate as an attorney.

The court concludes that Rule 4.2's limitation on communications is inapposite to a trustee's letter to a bank requesting withdrawal of funds from a debtor's accounts. Furthermore, even if Rule 4.2 were applicable, violation does not provide a basis for civil liability. See Preston Trucking Co., Inc. v. Liquidity Solutions, Inc. (In re Preston Trucking Co., Inc.), 333 B.R. 315, 335 (Bankr. D.Md. 2005) ( "a violation of Rule 4.2 cannot be the basis for imposing civil liability . . . and cannot be used to void the assignments or deem them invalid"); Flanagan v. Gaide, 2002 WL 31124847 (Conn. Super. 2002) (same). Because a violation of Rule 4.2 would not justify granting the motion, the debtor's argument for its extension is unavailing.

5

## C.

### Equitable Considerations

Arguing that the court should grant its motion "in the interests of justice," the debtor, in its reply memorandum, states: "Had appearing counsel for Webster Bank (or any competent lawyer) been aware of the trustee's claim . . . that the subject cash was 'property of the estate' . . . counsel would have demurred and advised his client to resist such an unfounded or premature claim at that point in the case." (Reply at 3.)

As noted, the present motion was not filed until almost 21 months after the transfer. The bank's first attorney filed an appearance on May 27, 2004 (one day prior to the trustee's letter), and, shortly thereafter, filed a motion for relief from stay to enforce the bank's security interest under the line of credit agreement. The motion for relief from stay referred to the security interest in the debtor's assets as "properly perfected at the office of the Secretary of State for the State of Connecticut, by UCC-1 Financing Statement filed on August 26, 1997, Filing No. 1797952." (Mot. for Relief from Stay ¶9.) It made no mention of any deposit accounts which are perfected not by filing a financing statement, but only by having control of the collateral; such perfection is subject to forfeiture when the funds are withdrawn. Conn. Gen. Stat. § 42a-9-314 ("A security interest in deposit accounts . . . is perfected by control . . . when the secured party obtains control and <u>remains perfected</u> by control <u>only while the secured party retains control</u>." (emphasis added)). The debtor does not dispute that a security interest in a deposit accounts ceases to be perfected once the funds are transferred, but argues, without any supporting authority, that "the facts of this case . . . make that result unjust and improper." (Reply at 2.) The bank's second attorney,

6

on July 20, 2004, filed an appearance and appeared at the hearing at which the motion for relief from stay was granted. No reference was made of any deposit account or transfer.

A third attorney, on May 27, 2005, filed an appearance for the bank. On that date, the bank filed a motion, granted on June 23, 2005, for distribution from the estate of $42,345.85, reflecting the proceeds (net of postpetition rent and trustee's fee) "from liquidating the Debtor's business assets." At the hearing on such motion, the trustee stated that, in addition to the funds then at issue, the estate held approximately $36,000 in unencumbered assets for the benefit of unsecured creditors. Although at that time a year had passed since the transfer to the trustee of the funds from the deposit accounts, the bank asserted no claim for its return. Neither the bank president nor any of the bank's three attorneys raised the issue during the 21-months prior to the filing of the present motion, despite opportunities to do so.

The court concludes that the bank waived its perfected security interest in the deposit accounts by voluntarily transferring the funds to the trustee. Furthermore, even if it had not waived such security interest, the doctrine of laches would now bar its assertion. In an analogous situation involving a bank's right of setoff, this court previously held that the bank was "not entitled, six months after transferring the debtor's bank balance to the trustee, to assert any right of setoff that may have existed on the date of the bankruptcy petition." First Nat'l Bank of Litchfield v. O'Neil (In re Litchfield Constr. Mgmt., Inc.), 137 B.R. 98, 99 (Bankr. D.Conn. 1992).

The court concludes that the equities of the situation do not weigh in favor of granting the debtor's motion for distribution.

7

IV.

## CONCLUSION

In accordance with the forgoing discussion, the court concludes that the debtor's motion for an order of distribution must be and, hereby is, denied. It is

SO ORDERED.

Dated at Hartford, Connecticut this 1st day of June, 2006.

*/s/ Robert L. Krechevsky*

ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE